ST. PHILIP TOWING AND TRANSPORTATION COMPANY, Plaintiff-Appellant,

v.

PAVERS, INC., et al., Defendants-Appellees.

No. 84–3633 Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 14, 1985.

---

**1234**

J. Philip Plyler, Tampa, Fla., for plaintiff-appellant.

James M. Shuler, Tampa, Fla., for Pavers, Inc. and R.H. Odom.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

On September 19, 1980, the appellant, St. Philip Towing and Transportation Company, purchased from appellee, Pavers, Inc., 100% of the issued and outstanding shares of Florida Erectors, Inc. After St. Philip acquired Florida Erectors, the latter's business declined and it, and, thus, St. Philip, its owner, suffered substantial losses. In an effort to mitigate its losses, St. Philip brought this suit for money damages against Pavers and R.H. Odum, Pavers' president and the chairman of its board of directors, claiming that, in connection with the sale to St. Philip of Florida Erectors' stock, they made certain fraudulent misrepresentations concerning, among other things, the status of Florida Erectors' construction contracts. According to St. Philip, Odum intentionally withheld information that certain contracts were in default and that certain contract payments purportedly due Florida Erectors (which St. Philip was to use to pay for the stock it had purchased) were not due. St. Philip sought recovery under section 22 of the Securities Act of 1933, 15 U.S.C. § 77v (1982), section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa (1982), and the law of Florida.

The case came on for trial in the district court before a jury, and, after the testimony of appellant's first witness, James S. Kimbrell, secretary/treasurer of both St. Philip and Florida Erectors, the court entertained appellees' motion to dismiss for want of subject matter jurisdiction. Appellees contended that, under the "sale of business" doctrine, which this circuit followed, *see King v. Winkler,* 673 F.2d 342, 346 (11th Cir.1982), Pavers' sale of Florida Erectors' stock to St. Philip constituted the sale of a business, not the sale of securities; therefore, St. Philip had no claim under the federal securities laws, and the court lacked subject matter jurisdiction.

The court, based on Kimbrell's testimony and the parties' stipulations and proffers on the issue, agreed with appellees and dismissed the suit. The court found that the transaction in question constituted the sale of a business, rather than a sale of securities, because the purchaser, St. Philip, acquired 100% ownership of Florida Erectors, named its officers and directors and had the power to fire them, and intended to manage and control the operation of Florida Erectors' business.

The district court's decision was correct at the time it was handed down, but the law has since changed. On May 28, 1985, the Supreme Court rejected the sale of business doctrine, *see Landreth Timber Co. v. Landreth,* — U.S. —, 105 S.Ct. 2297, 85 L.Ed.2d 692 (1985), and *Gould v. Ruefenacht,* — U.S. —, 105 S.Ct. 2308, 85 L.Ed.2d 708 (1985). In *Landreth,* a case appearing to mirror the one at hand, involving the transfer of 100% of a lumber company's outstanding common stock, the Court held that the stock's purchaser could seek rescission and money damages under the antifraud provisions of the federal securities laws for the seller's negligent and intentional misrepresentations as to the worth and business prospects of the lumber company.

Applying the rationale of *Landreth* and *Gould,* we vacate the judgment of the dis-

trict court and remand the case for further proceedings.

VACATED and REMANDED.